# EXHIBIT B

**THIS AGREEMENT OF ASSIGNMENT** (this "**Agreement**") entered into this 29 day of November, 2016 between **RS OLD MILL LLC, ("Assignor")** and **RS OLD MILLS RD LLC,** having an address at 62 Rutledge Street, Suite 112, Brooklyn, NY 11249 ("**Assignee**").

## WITNESSETH

**WHERES,** a Purchase and Sale Agreement ("Contract") dated November 28, 2016 was entered into between **NOVARTIS CORPORATION ("Seller"), and ASSIGNOR** as purchaser (the "Contract"), covering the purchase and sale of certain lands located in the Village of Suffern and Village of Montebello, Town of Ramapo, County of Rockland, State of New York, described by metes and bounds on Schedule A annexed hereto as **Exhibit "D"** (the "**Premises**"); and

**WHEREAS,** Assignor is desirous of transferring to Assignee and Assignee is desirous of acquiring from Assignor all of the right, title and interest of Assignor in and to the Contract conditioned on the terms set forth herein.

### NOW, THEREFORE, IT IS MUTUALLY AGREED AS FOLLOWS:

1. Assignor represents the following: (a) annexed hereto and made a part hereof as Exhibit "A" is a true copy of the Contract, inclusive of all exhibits and attachments, except that the price and all parties have been redacted -therefrom, which Contract has not been modified; (b) the Contract will be in full force and effect; (c) Assignor has not heretofore assigned, mortgaged, pledged nor transferred its interest in the Contract nor the Downpayment thereunder; (d) Assignor is currently the sole owner and holder of the interest of Purchaser under the Contract; (e) the Downpayment under the Contract ("**Contract Deposit**") was deposited into Seller's attorney's escrow account; (f) Assignor has, pursuant to the Contract, the authority to assign the Contract to Assignee.

2. Assignee shall have the right to exercise all rights of Assignor under the Contract and to take any and all action permitted to be taken by Assignor under the Contract with respect to the Premises, with Assignor's prior written consent, which shall not be unreasonably withheld, delayed or conditioned, and which shall be deemed given if Assignor does not respond in writing to any particular request with five (5) business days (which may be delivered via email from Assignee's attorney to Assignor's attorney, to _____

3. As a condition to Assignee's obligation to close hereunder, the foregoing representations of Assignor shall be true and correct as of the date hereof and of the closing. In addition, Assignee shall not be obligated to close if Assignor is not in compliance with any of the covenants set forth herein as of closing.

4. Conditioned upon the terms of this Agreement being met, Assignor hereby agrees to sell and assign to Assignee all of its right, title and interest in and to the Contract, including the Contract Deposit deposited thereunder, for and in consideration of the payment by Assignee to Assignor of the Assignment Price (as hereinafter defined) which includes the price to be paid by Assignor to Seller under the Contract.

5. **The Assignment Price** payable to Assignor shall mean the sum of **TWENTY FIVE MILLION AND 00/100 Dollars** ($25,000,000.00) The Assignment Price shall be paid as follows: (a) The sum of **One Hundred Twenty Five Thousand and 00/100 Dollars** ($125,000.00) Dollars (the "Deposit" or the "Assignment Deposit" by wire transfer subject to collection delivered to and to be held in escrow by Mark J. Nussman & Associates PLLC ("Escrow Agent"), within one (1) business day after the execution of this Agreement of Assignment, and (b) the sum of **TWENTY FOUR MILLION EIGHT HUNDRED SEVENTY FIVE THOUSAND and 00/100 Dollars** ($24,875,000.00) in cash or good unendorsed certified, bank or wire as instructed by Assignor herein on the delivery by **Seller** of the Deed to the Premises to Assignee (or its permitted assignee or designee). The Assignment of Price shall be paid at the closing, said sum to be divided between Seller and Assignor in accordance with instructions to be given by Assignor and shall be so paid by Assignee at closing, it being understood that Assignor shall instruct Assignee to pay the balance of the purchase price under the Contract to Seller or as Seller may direct, and the remaining funds to be delivered to Assignor as the Assignor shall direct. Additionally, Assignee shall reimburse Assignor at the closing for any amounts made as down payment under the Contract.

6. Upon the closing, Assignee shall assume all of the obligations of Assignor (as the Purchaser) under the Contract except for all payment of the cash portion of the purchase price thereunder, it being understood that Assignor shall make this payment from the balance of the Assignment Price being paid to it by Assignee at the closing.

7. In the event that any check deposited hereunder is not honored on presentment for payment, or if Assignee defaults in paying the balance of the Assignment Price, or any portion thereof, as hereinabove provided, then as Assignor's sole right and remedy in such event, all sums theretofore paid by Assignee together with all interest, if any, shall be retained by Assignor and same shall constitute liquidated damages. In such event this Agreement of Assignment shall be null and void and neither party shall have any further claim against the other and Assignor may acquire the Premises from Seller. The instruments of assignment in the possession of _____, shall be returned to Assignor and upon such return, this Agreement of Assignment shall be null and void and neither party shall have any further claim against the other.

8. In the event that title to the Premises or the assignment contemplated hereby does not close in accordance with the terms hereof for any reason other than the default of Assignee, then Assignee shall be entitled as Assignee's sole remedy to the return of the Deposit given hereunder, and upon such return, this Agreement of Assignment shall be void and neither party shall have any further claim against the other.

9.  If, for reasons other than Assignee's default, Seller shall fail or refuse to perform the obligations of Seller, Assignee's sole remedy shall be entitlement to a return of the Deposit deposited hereunder with Escrow Agent. Upon the return of such sum, the parties shall be released of all liability to and rights against the other and this Agreement shall be null and void.

10. Assignor is to use its best efforts to procure direct conveyance from the present owner to Assignee at the closing, so as to vest title to the Premises in Assignee. If, however, for any reason other than the default of Assignee, title should not be conveyed pursuant to the terms hereof and the Contract, or if any of the matters and things herein represented should prove to be inaccurate, then Assignee shall be entitled to the return of the Deposit, and there shall be no further liability of any nature whatsoever by and between either of the parties hereto, except for the return of said funds and, upon such payment, this Agreement shall be deemed null and void. If, however, there shall be any defect in title, or erroneous statement or representation made herein, Assignee shall have the option to accept such title and/or performance of this Agreement as Assignor may procure and/or deliver.

11. At the closing, Assignee will execute all documents called for under the Contract, and will make all adjustments and payments required to be made by Assignor, as though Assignee were the original purchaser.

12. This Agreement is contingent on the Assignee being ready, willing and able to close on or before March 21, 2017. Should Assignee fail to meet this March 21th deadline, this Agreement shall be deemed null and void. In such event this Agreement of Assignment shall be null and void and neither party shall have any further claim against the other and Assignor may acquire the Premises from Seller.

13. The closing hereunder shall take place on or before the expiration of ten (10) days from Assignee's receipt of written notice from Assignor.

14. Assignor agrees to assign to Assignee as part of this Agreement, any interest in any air rights, development rights or other such rights associated with this property and as set forth in the annexed underlying contract.

15. Except as set forth herein, any notice required or permitted to be given hereunder pursuant to this Agreement of Assignment shall be sent bey certified or registered mail, return receipt requested or reputable overnight "mail" delivery service, in either instance, with an additional copy by facsimile transmission, as follows:

        TO ASSIGNOR:    Samuel Lowinger, Esq.
                                   Mark J. Nussbaum & Associates PLLC
                                   225 Broadway, 39th Floor
                                   New York, New York 10007
                                   Phone: (212) 344-8000

TO ASSIGNEE:    Samuel T. Zand
2917 Ave k Suite 103
Brooklyn N.Y. 11210
(718)258-1100
Samuel@zandlawoffices.com

16.    The acceptance of a deed by Assignee shall be deemed to be full performance of and discharge of every agreement and obligation on the part of Assignor to be performed pursuant to the provisions hereof, except those, if any, which are specifically stated to survive consummation of this transaction.

17.    Assignor and Assignee shall cooperate regarding the exercise of all rights of the purchaser under the Contract. Copies of all communications sent to or received after the date hereof from Seller, shall be transmitted to the attorney for Assignee no later than one **(1)** business day after receipt by Assignor or its attorney, as applicable. Assignor shall deliver copies of all correspondence between Assignor and Seller, including e-mails between the attorneys for Assignor and Seller, and Assignor shall advise Assignee promptly of all notices Assignor receives pertaining to the Contract.

**18.**    For so long as this Agreement of Assignment is in effect, Assignor hereby agrees that it shall not, without obtaining the prior written consent of Assignee: (a) grant any approval or consent to take any other action with respect to the Contract or the Premises; or (b) modify, amend, waive the benefit of any provision of the Contract. Assignor is authorized, at its option, to send a written notice to Seller advising Seller of the existence of this Agreement of Assignment and of the terms of this Article, however, Assignee shall not be permitted to do so and such act shall be considered a default hereunder. **Assignee hereunder or any representative or affiliate of Assignee shall not contact, discuss the existence of this Agreement or the sale and or purchase of the Premises with the Seller or any of their affiliates. Breach of this Paragraph shall be an incurable default of this Agreement and Assignee will forfeit its Contract Deposit.**

19.    Assignor shall not be under any obligation to expend any monies or to commence any suit at law or in equity in order to clear title or in order to compel the performance of the Contract by Seller.

20.    At the closing of title, Assignor shall deliver to Assignee any and all documents dealing with the operation of the Premises which the Assignor receives from Seller pursuant to the terms of the Contract.

21.    At the Closing, Assignee shall execute all documents called for under the Contract and shall make all adjustments and payments required to be made by Assignor as Purchaser under the Contract as though Assignee were the original named purchaser thereunder.

22.    Assignee acknowledges that the Transfer Forms signed at Closing will reflect the consideration being paid by the Assignee to the Seller pursuant to the terms of the Contract. Assignee agrees to execute said Transfer Forms. The additional considerations being paid by the Assignee above the consideration set forth in said forms reflects the consideration for the assignment of the Contract and thus not reflected in the Form which Assignee will execute but

which will be reflected in a second Form that Assignor and Assignee will execute. Assignor agrees to pay at closing any additional transfer taxes due under the New York State Transfer Tax Laws required to be paid as a result of the assignment of the Contract to Assignee and to indemnify and save Assignee harmless from and against any of the foregoing and any cost, claim and expense (including reasonable attorney's fees) incurred by Assignee by reason of non-payment of the aforementioned additional transfer taxes due, if any. This paragraph shall survive the closing.

23.   Assignee may not assign its rights hereunder without the prior written consent of Assignor, which consent may be withheld for any reason or for no reason. Notwithstanding the foregoing to the contrary, Assignee may, prior to the closing, assign all of its right, title and interest in and to this Agreement, including its interest in the Deposit, to an entity which one or more of the principals of Assignee will own (directly or indirectly) and/or control. Assignor shall notify the Seller of such assignment prior to closing to effectuate the transfer of title to the Premises to such entity to enable all closing documents to be prepared in the name of such entity.

24.   Escrow Agent shall hold the Deposit in accordance with the terms set forth on **Exhibit "B"**, attached hereto.

25.   Escrow Agent shall not be liable for any act done or omitted by it in good faith, or for anything which it may in good faith do or refrain from doing in connection with its duties as escrow agent. Escrow Agent is authorized to rely upon any written, notarized document reasonably believed by it to be signed by the parties hereto.

26.   The parties hereby agree to indemnify and hold harmless Escrow Agent from and against any loss, cost or damage incurred by it, including, without limitation, reasonable attorneys' fees in connection with this this Escrow Agreement and the Agreement, or arising from its duties as escrow agent (except in the case of gross negligence or willful misconduct).

27.   Assignor has executed an Assignment of Contract (the "Assignment Instrument") reflecting this transaction, in the form attached hereto as Exhibit "C", which shall be held in escrow by Escrow Agent pending payment of the foregoing sums; upon payment at closing, the Assignment Instrument will be delivered by the Escrow Agent to the Assignee.

28.   Assignor shall cooperate with Assignee in obtaining access to the Premises as set forth in the Contract and exercise all of Purchaser's rights and remedies.

29.   This Agreement of Assignment contains the entire understanding arrived at between the parties and all prior discussions and negotiations are merged herein. This Agreement of Assignment may not be modified nor terminated, except by an instrument in writing, signed by the party or parties sought to be charged thereby.

30.   This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, legal representatives, successors and assigns.

31.   This Agreement and all rights hereunder shall be construed in accordance with and governed by the laws of the State of New York.

32. This Agreement may be executed in counterparts and a copy, fax or email of signatures shall be deemed as originals.

33. Parties agree not to disclose that it has entered into this Agreement or any of the terms and conditions of this Agreement to any third party, except that Parties may disclose such information to its attorneys, accountants, prospective investors, provided such parties agree in writing to comply with the confidentiality provisions. Purchaser acknowledges that any information furnished to Purchaser with respect to the Property is and has been so furnished on condition that Parties maintain the confidentiality thereof. Except as provided above, Purchaser shall hold in strict confidence any of the information in respect of the Transaction.

**IN WITNESS WHEREOF,** the parties have executed this Assignment of Contract as of the date first above written.

ASSIGNOR:
**RS OLD MILL, LLC**
By: _____
Name: Yehuda Salamon

ASSIGNEE:
**RS OLD MILLS RD, LLC**
By: _____
Name: Avrohom Kaufman