**David K. Fiveson, Esq. (dfiveson@bffmlaw.com)**
**Mark J. Krueger, Esq. (mkrueger@bffmlaw.com)**
**BUTLER, FITZGERALD, FIVESON & McCARTHY,**
**A Professional Corporation**
*Attorneys for Defendant CPIF Lending, LLC*
9 East 45th Street, Ninth Floor
New York, New York 10017
(212) 615-2200

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:

RS OLD MILL, LLC,

                              Debtor
------------------------------------------------------------------X
RS OLD MILL, LLC,

                              Plaintiff,

    -against-

SUFFERN PARTNERS, LLC, BRIDGEWATER
CAPITAL PARTNERS, LLC, ISAAC GENUTH, MARK
YUNGER a/k/a "MARK JUNGER", GOLDIE REISMAN,
MOSE REICHMAN, RS OLD MILLS RD LLC, DAVID
FLEISCHMAN, THOMAS LANDRIGAN and CPIF
LENDING, LLC,

                              Defendants.
------------------------------------------------------------------X

Case No. 17-22218 (RDD)

Chapter 11

Adversary No.
19-8243 (RDD)

Hearing Date:
June 4, 2019 10:00 a.m.

## DECLARATION IN FURTHER SUPPORT OF CPIF LENDING, LLC'S <u>MOTION TO DISMISS</u>

TO THE HONORABLE ROBERT D. DRAIN

UNITED STATES BANKRUPTCY JUDGE:

       CPIF Lending, LLC ("CPIF"), a defendant in Debtor's adversary proceeding, by its counsel, Butler, Fitzgerald, Fiveson & McCarthy, PC, respectfully submits this supplemental declaration in further support of its motion to dismiss. (Ecf No. 13).

1. The Debtor seeks to replace Pick & Zabicki LLP ("Pick Firm") as counsel. It appears the reason is to prevent Mr. Pick from undermining Debtor's position in these proceedings; a position that is diametrically opposed to the position Debtor had Mr. Pick take at the time of the various transactions involving the Novartis Property. The Debtor seems to try to falsely shift the blame for Debtor's underhanded dealings on to Mr. Pick, and deflect the blame from the Debtor's principal Yehuda Salamon. Notably, Mr. Pick is not a defendant in this adversary proceeding.

2. Mr. Pick was bankruptcy counsel for the Debtor at the time of the purchase and sale of the Novartis Property by the Debtor. On August 23, 2017, Mr. Pick wrote to Old Republic National Title Insurance Company ("Old Republic")(the title underwriter that insured title to CPIF and Suffern Partners LLC), and advised that Bankruptcy Court approval was **not** required for the re-sale of the Novartis Property because the Debtor was a special purpose entity formed for the purpose of acquiring and selling the Novartis Property. As such, Mr. Pick advised Old Republic that the re-sale of the Novartis Property was in the ordinary course of the Debtor's business. A copy of that e-mail from Mr. Pick to Old Republic, dated August 23, 2017 at 12:56 p.m., is annexed as Exhibit A. Old Republic relied on these representations by Debtor's counsel when it agreed to insure title.

3. Debtor now comes to this Court taking an entirely different position. The Debtor now contends the sale should be set aside due to the failure to obtain Bankruptcy Court approval for the re-sale to Suffern. Debtor should be estopped from asserting a diametrically opposed position now.

4. Indeed, it appears Mr. Levine assisted in the drafting of that representation to Old Republic. Attached as Exhibit B is Mr. Levine's August 23, 2017 e-mail at 12:34 p.m. to

2

Mr. Pick on which Heidi Sorvinoh, counsel for defendant Bridgewater is copied. Mr. Levine edited Mr. Picks initial draft to Old Republic.[1]

5.   Debtor seeks to place the blame on Mr. Pick. Debtor asserts Mr. Pick "presided over" the unauthorized retransfer of the Novartis Property. (Ecf No. 23, Par 5). Debtor then uses this assertion to posture itself as an innocent party and for substitution of counsel. However, the documentary evidence shows this is not the case. It appears Mr. Pick's involvement in the closing of the re-sale ended with his August 23, 2017 email to Old Republic advising that Bankruptcy Court approval was not required for the re-sale of the Novartis Property. (See, Exhibit A).

6.   Annexed as Exhibit C is the closing statement and the Riverside Abstract settlement statement in connection with the purchase and re-sale of the Novartis Property. These statements do not document Mr. Pick's presence at the sale to Suffern Partners. Rather, Debtor was represented by defendant, Thomas Landrigan, Esq., at the closing of the transactions.[2]

7.   Mr. Pick, as counsel for Debtor, filed Debtor's operating statements for September and October 2017. These statements were verified by Debtor's principal, Yehuda Salamon. Copies of those statements are collectively annexed as Exhibit D and E. These statements do not set forth the September 6, 2017 transfer of the Novartis Property for $30 million. Rather, Yehuda Salamon represents that there was no sale of the Debtor's assets. Mr.

---

[1] This email confirm co-defendants' objection to Mr. Levine's retention that he was intimately involved in the re-sale transaction. It also belies his representation on page 14 of his Response (Ecf 96) that his representation of Mr. Salamon "had nothing whatsoever to do with any of the Adversary Proceeding of Defendants or any transactions between the Debtor or any of them."

[2] As the closing statement shows, Mr. Landrigan, Debtor's counsel, received $13,763,840.88 of loan proceeds. Accordingly, it is incredible for Debtor to claim it received no monies from this transaction. Also noted is that the closing statement has a typographical error listing Mr. Landrigan's firm as counsel to CPIF. CPIF was represented by Cassin & Cassin as set forth in the Riverside Abstract settlement statement also annexed as part of Exhibit C.

3

Salamon signed the no-consideration deed to RS Old Mills Rd. LLC on September 6, 2017. Those Operating Statements are clearly inaccurate and were intended by Mr. Salamon to be inaccurate.

8. Mr. Salamon is not an unsophisticated investor who was led astray by his counsel as he suggests. His claim that English is not his first language and he cannot read and understand English as well as he would like is disingenuous. I have pending litigation against Mr. Salamon in state court. He testified at a lengthy deposition (Exhibit F) and at court proceeding involving upwards of 26 exhibits in English and without aid of an interpreter.

9. Moreover, the Debtor claims Mr. Landrigan prepared the no-consideration deed to RS Old Mills Rd LLC implying Mr. Salamon had no involvement. The deed out of RS Old Mills Rd is signed by Avraham Kaufman (Exhibit G) who is believed to be a close family member of Mr. Salamon.

10. Lastly, Mr. Nash's statement in paragraph 12 of his declaration (Ecf No. 23) that the Debtor never received any of the sale proceeds is simply false. $15,940,000 of the loan proceeds were paid to Commonwealth for the Debtor to acquire the Novartis property, and $13,763,840 of the loan proceeds were paid to Debtor's closing counsel, Thomas Landrigan, at the closing of the re-sale on September 6, 2017.

11. The Debtor now claims in a footnote on page 15 of its opposition, that it is unable to pay any of its creditors. This statement is belied by the proposed consent order dismissing the Bankruptcy. (Ecf. 67). It was then represented to the Court that all creditors who submitted proof of claim were satisfied at the closing. This consent was signed by all creditors which submitted proofs of claim. See Exhibit H. Notably, the consents of creditors Instyle Interiors and RFG appear to have been signed by Mr. Salamon's relative Avraham Kaufman.

12.   This is essentially a dispute between Yehuda Salamon (Debtor's principal) and Suffern concerning a promised equity interest in Suffern and/or an accounting claim by the Debtor against its counsel Mr. Landrigan of the $13,763,840 admittedly paid to him at closing as Debtor's counsel. This Court should not come to Mr. Salamon's aid and undo the transaction he deceptively orchestrated by his counsel representing no Court approval was required, by conveying a no-consideration deed to RS Old Mills Rd LLC, and by not disclosing the sale on his monthly operating statements. Since no creditor is unpaid and CPIF Lenders is a bona fide encumbrancer, the transaction should be approved and the adversary proceeding should be dismissed.

Dated: New York, New York
      June 3, 2019

                                    BUTLER, FITZGERALD, FIVESON
                                      &amp; McCARTHY
                                    A Professional Corporation
                                    Attorneys for Defendant CPIF Lending, LLC

                                    By: /s/_____David K. Fiveson_____
                                    A Principal of the Firm
                                    Nine East 45th Street, Ninth Floor
                                    New York, New York   10017
                                    (212) 615-2200
                                    dfiveson@bffmlaw.com