**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Marianne T. O'Toole, as Chapter 7 Trustee*
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500
Salvatore LaMonica, Esq.
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
| | |
|---|---|
| In re: | Chapter 7 |
| RS OLD MILL, LLC, | Case No.: 17-22218 (RDD) |
| Debtor. | |

-----------------------------------------------------------x

| | |
|---|---|
| RS OLD MILL, LLC, | |
| Plaintiff, | Adv. Pro. No.: 19-08243 (RDD) |
| -against- | |
| SUFFERN PARTNERS LLC, BRIDGEWATER CAPITAL PARTNERS LLC, ISAAC GENUTH, MARK YUNGER a/k/a "MARK JUNGER," GOLDIE REISMAN, MOSES REICHMAN, RS OLD MILLS RD LLC., DAVID FLEISCHMANN, THOMAS LANDRIGAN, and CPIF LENDING, LLC, | |
| Defendants. | |

-----------------------------------------------------------x

## CHAPTER 7 TRUSTEE'S STATEMENT

Marianne T. O'Toole, as Chapter 7 Trustee ("Trustee") of the estate of RS Old Mill, LLC ("Debtor"), by her undersigned counsel, submits this Statement in connection with the hearings presently scheduled for July 17, 2019 in the above-captioned proceedings on the following matters: (i) the motion of Suffern Partners, LLC ("Suffern") for nunc pro tunc approval of sale of Debtor's assets [Doc. No. 86], joinder of Bridgewater Capital Partners, et al. [Dkt. No. 89], Debtor's objection [Dkt. No. 95], reply of Suffern [Dkt. No. 97], Declaration of Thomas C. Landrigan ("Landrigan") [Dkt. No. 111], and Supplemental Submission of Suffern [Dkt. No.

1

112]; (ii) Suffern's motion to dismiss the adversary proceeding [Adv. Pro. Dkt. No. 8], Debtor's omnibus objection [Adv. Pro. Dkt. No. 25], and reply of Suffern [Adv. Pro. Dkt. No. 26]; (iii) CPIF Lending, LLC's motion to dismiss the adversary proceeding [Adv. Pro. Dkt. No. 13], Debtor's omnibus objection [Adv. Pro. Dkt. No. 25], and reply of CPIF Lending, LLC [Adv. Pro. Dkt. No. 30]; (iv) David Fleischmann's motion to dismiss the adversary proceeding [Adv. Pro. Dkt. No. 27]; and (v) Landrigan's motion to dismiss the adversary proceeding [Adv. Pro. Dkt. No. 29] (collectively, "Pending Motions").

## BACKGROUND

1.   On February 13, 2017 ("Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2.   By Order dated February 27, 2017, the Court established April 14, 2017 as the deadline to file proof of pre-Petition Date claims against the Debtor's estate ("Pre-Petition Bar Date"). See Dkt. No. 8. While no Chapter 7 bar date has been set, the Trustee notes that the Debtor's scheduled unsecured debt of creditors who were not required to file a proof of claim on or prior to the Pre-Petition Bar Date totals $675,000 (Alpine Fine Construction, Caps Skull, Ell City LLC, Goldman Copeland, Lyncrest Consulting and UHCS Distributors). See Dkt. No. 64. In addition, certain scheduled creditors filed proof of pre-Petition Date claims against the Debtor's estate totaling $354,529.93 (Mintz Levin, et al., AKRF Consulting Services, Inc. and Romaro) that do not appear to have been waived or released. A proof of pre-Petition Date claim was also recently filed in the amount of $4,531.30 (M. David Graubard, Esq.).

3.   By Order dated June 2, 2017, the Court, inter alia, directed the Debtor to make a determination to either assume or reject a certain agreement of sale ("Sale Agreement") for the purchase of certain real property located in Rockland County ("Property") from Novartis

2

19-08243-rdd    Doc 35    Filed 07/15/19    Entered 07/15/19 16:27:40    Main Document
Pg 3 of 7


Corporation ("Novartis") for $18,000,000 and, if the Sale Agreement was assumed, to close on the purchase of the Property within ten (10) business days of Court approval of the assumption. See Dkt. No. 38.

4.    On June 26, 2017, a notice of the Debtor's intent to assume the Sale Agreement was filed with the Court. See Dkt. No. 41.

5.    By Order dated July 13, 2017, the Court, inter alia, authorized the Debtor's assumption of the Sale Agreement and directed the Debtor to close on the sale within ten (10) business days. See Dkt. No. 45. By Order dated August 14, 2017, the July 13, 2017 Order was amended to provide, inter alia, that the Debtor and Novartis would close on the Sale Agreement on or before August 17, 2017. See Dkt. No. 53.

6.    Public records reflect the following:

   a. By *Bargain and Sale Deed With Covenant Against Grantor's Acts* dated as of September 1, 2017 and recorded on September 14, 2017, title to the Property was transferred from Novartis to the Debtor for $18,000,000. The related New York State Department and Taxation form RP-5217 lists Yehuda Salamon under "Buyer Contact Information" and Landrigan under "Buyer's Attorney."

   b. By *Bargain and Sale Deed With Covenant Against Grantor's Acts* dated as of September 5, 2017 and recorded on September 14, 2017, title to the Property was transferred from the Debtor to an entity known as "RS Old Mills RD LLC" for $0.00. The related New York State Department and Taxation form RP-5217 lists Avrohom Kaufman under "Buyer Contact Information" and Landrigan under "Buyer's Attorney." There is no indication that this subsequent sale of the Property by the Debtor to a non-Debtor for no consideration was noticed or approved by the Court.

   c. By *Bargain and Sale Deed With Covenant Against Grantor's Acts* dated as of September 5, 2017 and recorded on September 14, 2017, title to the Property was transferred from RS Old Mills RD LLC to Suffern for $30,000,000.

7.    By Supplemental Notice of Presentment dated November 7, 2017, the Debtor noticed the presentment of a proposed consent Order dismissing its Chapter 11 case ("Proposed Dismissal Order"), which represented, inter alia, as follows:

3

> **WHEREAS**, the Debtor sought relief under the Bankruptcy Code so as to stay the termination loss of [the Sale Agreement], pursuant to which the Debtor agreed to purchase, and [Novartis] agreed to sell, certain real property located at 25 Old Mill Road, Suffern and Montebello,. New York . . .
>
> . . .
>
> **WHEREAS**, on September 6, 2017, a closing on the Sale Agreement was completed (the "Closing"); and
>
> **WHEREAS**, *certain* claims asserted against the Debtor by way of filed proofs of claim and/or listed in the Debtor's schedules were satisfied at closing including, without limitation, the proofs of claim filed by Novartis (Claim No. 3) and New York Land Services (Claim Nos. 4 and 5);

See Dkt. No. 71-1 (emphasis added).[1]

8. The Proposed Dismissal Order was never entered.

9. By complaint dated March 29, 2019, the Debtor, by new counsel not yet retained, commenced an adversary proceeding against, among others, Suffern seeking to, inter alia, avoid the transfer of the Property ("Adversary Proceeding"). See, generally, Adv. Pro. No. 19-8243, Dkt. No. 1. Several defendants filed motions to dismiss the Debtor's Adversary Proceeding. See id. at Dkt. Nos. 8, 13, 29.

10. By emergency motion dated April 19, 2019 ("Suffern Motion"), non-Debtor Suffern moved for the entry of an Order approving the sale of substantially all of the Debtor's assets to Suffern, nunc pro tunc to September 1, 2017, dismissing the Debtor's Chapter 11 case, and dismissing and/or abstaining as to all claims in the Adversary Proceeding against Suffern. See Dkt. No. 86.

11. At a hearing conducted on June 4, 2019, the Court determined that conversion of the Debtor's case to one under Chapter 7 of the Bankruptcy Code was in the best interests of

---

[1] The Trustee notes that certain administrative claims, including those requiring compensation applications and approval of the Court, were paid, including $118,000.00 to Debtor's retained counsel of record on September 13, 2017. See Dkt. No. 111 at p. 4, ¶ 18; 111-1 at p. 3.

4

creditors. Serious allegations concerning the Debtor's conduct during the Chapter 11 period were raised including, <u>inter alia</u>, whether creditors of the Debtor's estate were paid.

12. By Order dated June 5, 2019, the Court converted the Debtor's case to a case under Chapter 7 of the Bankruptcy Code on June 5, 2019. <u>See</u> Dkt. No. 102.

13. Marianne T. O'Toole was appointed as the Chapter 7 Trustee of the Debtor's estate. <u>See</u> Dkt. No. 103.

14. The initial meeting of creditors is scheduled for July 16, 2019. <u>See</u> Dkt. No. 106.

## **TRUSTEE'S STATEMENT**

15. Upon appointment, a chapter 7 trustee becomes the sole representative of the debtor's bankruptcy estate. <u>See</u> 11 U.S.C. § 323. <u>See also</u> <u>In re Mannone</u>, 512 B.R. 148, 153 (Bankr. E.D.N.Y. 2014); <u>In re Worldcom, Inc.</u>, 401 B.R. 637, 646 (Bankr. S.D.N.Y. 2009).

16. The duties of a chapter 7 trustee, as set forth in section 704(a) of the Bankruptcy Code, include, among other things: (a) collecting and reducing to money the property of a debtor's estate; (b) being accountable for all property received; (c) investigating the financial affairs of a debtor; and (d) making a final report and filing a final account of the administration of the estate with the court and with the United States trustee. <u>See</u> 11 U.S.C. § 704(a).

17. Pursuant to section 363(b) of the Bankruptcy Code, "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

18. Promptly following her appointment, the Trustee retained counsel and took steps to familiarize herself with the events leading to the conversion of the Debtor's case from Chapter 11 to Chapter 7. The Trustee and her counsel reviewed the docket in the Debtor's case and in the Adversary Proceeding, including the multiple pending motions, the Debtor's complaint, and

5

transcripts of prior hearings in this Court. Among other the things, the Trustee and her counsel also:

    a. Participated in multiple conference calls with counsel to interested parties including, but not limited to, the Debtor, Suffern, Landrigan, and Cronin & Cronin Law Firm, PLLC, and reviewed documents and information provided on behalf of certain the parties;

    b. Demanded the turnover of certain estate funds being held by Landrigan, who purportedly acted as counsel to the Debtor during the Chapter 11 period. In connection therewith, Trustee's counsel corresponded with counsel to Landrigan. On or about June 28, 2019, the Trustee received a check in the amount of $175,000.00 from Cohen Labarbera & Landrigan LLP;

    c. Demanded the turnover of certain estate funds being held by Cronin & Cronin Law Firm, PLLC representing a proportionate refund on account of a tax assessment appeal. In connection therewith, Trustee's counsel corresponded with counsel to Cronin & Cronin Law Firm, PLLC. On or about June 28, 2019, the Trustee received a check in the amount of $53,854.51 from Cronin & Cronin Law Firm, PLLC;

    d. Conducted an in-person meeting with Yehuda Salamon, his personal counsel, and Debtor's proposed counsels on July 9, 2019;

    e. Applied for and obtained an Order directing the production of documents by, and examination of Treff & Lowy, PLLC, see Dkt. Nos. 107, 110, and conducted the Bankruptcy Rule 2004 examination on July 10, 2019; and

    f. Reviewed the claims filed against the Debtor's estate and filed an application seeking entry of an Order establishing a deadline for parties to file proof of Chapter 11 administrative expense claims. See Dkt. No. 122.

19. The facts in this recently-converted case are anything but straight forward, and the parties' accounts differ substantially.

20. The Proposed Dismissal Order only states that ***certain*** claims were satisfied, i.e., Novartis (Claim No. 3) and New York Land Services (Claim Nos. 4 and 5. See Dkt. No. 71. One creditor (Romaro, LLC) objected to the Proposed Dismissal Order and represented that it has not been paid. See Dkt. No. 74. According to Landrigan's declaration filed on June 19, 2019, at least two other pre-Petition Date creditors of the Debtor have not been paid (Mintz Levin and AKRF).

See Dkt. No. 111 at p. 2, ¶ 8. Proofs of claim totaling $359,061.23 have already been filed (including by Mintz Levin, AKRF and Romaro, LLC), but no Chapter 7 bar date has been set and scheduled creditors with debt totaling $675,000 were not required to file proofs of claim under the Pre-Petition Bar Order. To date, the Trustee has not received any evidence that these creditors were paid.

21. The Trustee's investigation is ongoing.

22. At this time, the Trustee has insufficient information to either assume prosecution of the Adversary Proceeding or to be the proponent of the sale of the Property (the only proper proponent), as contemplated under sections 323 and 363 of the Bankruptcy Code. Unless and until the Trustee has sufficient information to exercise her fiduciary duties in this regard, the Pending Motions should be denied as premature and/or held in abeyance.

Dated: July 15, 2019
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to Marianne T. O'Toole, as Chapter 7 Trustee

By:   *s/ Holly R. Holecek*
Holly R. Holecek, Esq.
A Partner of the Firm
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500